**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO.: 1:13-CR-25 (WLS) |
| KELSIE BROWN, | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is Defendant's Motion to Suppress (Doc. 21). For the following reasons, Defendant's Motion to Suppress (Doc. 21) is **DENIED.**

**PROCEDURAL BACKGROUND**

On May 15, 2013, Defendant was charged in a three-count indictment with possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 1.) Defendant filed the instant Motion to Suppress (Doc. 21) on July 3, 2013, claiming that certain evidence obtained following a traffic stop that occurred on July 13, 2012 was unlawfully obtained. (*See also* Doc. 22 at 1.) On July 19, 2013, the Government filed its Response. (Doc. 22.) Evidentiary hearings were held to address the factual matters underlying this Motion on August 1, 2013 at 2:30 p.m. and October 18, 2013 at 8:30 a.m. (Docs. 24 & 37.)

**FACTUAL FINDINGS**

At the August 1, 2013 hearing on Defendant's Motion to Suppress, the Government presented one witness, and Defendant presented arguments without exhibits or witnesses. At the October 18, 2013 hearing, Defendant presented the in-car video recorded by Lieutenant Keith Houston. After reviewing the evidence and

1

considering the arguments from both parties, the Court makes the following findings of fact by a preponderance of the evidence:

Lieutenant Keith Houston, the testifying witness at the evidentiary hearing, began working as a law enforcement officer in 1989. He has been certified to handle drug detection canines since 1990, and has been exposed to raw marijuana on a regular basis throughout his career as a law enforcement officer. He currently works as a supervisor of the K-9 Section of the Lee County Sheriff's Office.

On July 13, 2012, at approximately 1:30 p.m., near U.S. Highway 19 North and the 1500 block of McAfee Church Road in Lee County, Georgia, Lieutenant Houston observed a Honda Accord change lanes without using a turn signal and cut-off another vehicle. Lieutenant Houston activated his emergency lights for the purpose of conducting a traffic stop of the vehicle. The in-car video camera was automatically and contemporaneously activated at the time the patrol vehicle's emergency lights were activated. A review of the officer's in-car video shows that the driver used the vehicle's right-hand turn signal to indicate that he was pulling the vehicle to the right-hand side of the road. Lieutenant Houston made contact with the driver, later identified as Defendant, and one passenger, later identified as Darryl Tucker.

Lieutenant Houston informed Defendant that he stopped his vehicle for failure to use his turn signal when changing lanes, and the officer requested Defendant's driver's license, registration, and insurance. At that time, Lieutenant Houston, informed by his training and experience, smelled raw marijuana. He returned to his vehicle to run a license check and advise dispatch that he needed additional officers to assist him with the stop. Once the backup unit arrived, Lieutenant Houston walked back to Defendant's vehicle and asked Defendant to exit his vehicle. Defendant was informed that the officer

smelled an odor of raw marijuana emanating from the vehicle and intended to conduct a search of Defendant's automobile.  Lieutenant Houston conducted a search and discovered opened containers of alcoholic beverages, a sawed-off shotgun and ammunition, over fifty bags of marijuana, and devices to weigh and grind marijuana.  At that time, Defendant and his passenger were arrested.  Defendant was subsequently indicted on charges stemming from the search.

## DISCUSSION

### I.     Validity of the Traffic Stop

Traffic stops are considered seizures, and are therefore protected by the Fourth Amendment.  *See United States v. Ramirez,* 476 F.3d 1231, 1236 (11th Cir. 2007).  "As a general matter, the decision to stop an automobile is reasonable [and therefore lawful] where the police have probable cause to believe that a traffic violation has occurred."  *Whren v. United States,* 517 U.S. 806, 810 (1996).  Probable cause for a traffic stop exists when, under the totality of the circumstances, there is a fair probability that illegal conduct has occurred.  *See United States v. Sokolow,* 490 U.S. 1, 7 (1989).  In Georgia, drivers must use their vehicle's turn signal before changing lanes.  GA. CODE ANN. § 40-6-123(b).  Because Lieutenant Houston observed Defendant cause his vehicle to change lanes without use of his vehicle's turn signal, and observed Defendant cut-off another vehicle as he changed lanes without signaling, he had probable cause to believe that Defendant violated Georgia law.

At the evidentiary hearing held on October 18, 2013, Defendant argued that, based on a review of Lieutenant Houston's in-car video, the stop was not supported by probable cause.  The first images displayed by the in-car video depicted Defendant's vehicle with its right-hand turn signal activated.  Defendant asserted that this was

3

evidence that Lieutenant Houston was incorrect in his assertion that Defendant did not use a turn signal when he changed lanes.  The Court disagrees.  Lieutenant Houston testified that the in-car video camera was activated the moment the emergency lights were activated.  Lieutenant Houston also testified that he did not activate his emergency lights until *after* he observed Defendant change lanes without the use of his vehicle's turn signal.  As such, the fact that the video depicted Defendant's turn signal illuminated at the time Lieutenant Houston's emergency lights were activated does not indicate or require the conclusion that Defendant's turn signal was activated *when he changed lanes* while passing another vehicle.  Because the video does not contradict the testimony presented at the hearing, and that testimony demonstrates that the stop of Defendant's vehicle was proper, the Court holds that the stop was supported by probable cause and lawful.  *See Whren*, 517 U.S. at 810.

## II.     Validity of the Search

Without consent, police are generally required to obtain a warrant prior to a search.  *United States v. Magluta*, 418 F.3d 1166, 1182 (11th Cir. 2005).  However, under the automobile exception, police may search any container or compartment of a vehicle that the officer has probable cause to believe contains contraband.  *See California v. Acevedo*, 500 U.S. 565, 579-80 (1991) (citing *United States v. Ross*, 456 U.S. 798, 823 (1982)).  "Probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Brown v. United States*, 219 F. App'x 917, 919 (11th Cir. 2007) (citations omitted).

Based on the totality of the circumstances, the Court finds that probable cause supported the search of Defendant's vehicle.  In light of Lieutenant Houston's training

4

and experience, it was reasonable for him to rely on his belief that the odor he detected was raw marijuana. The smell of raw marijuana emanating from the vehicle gave him probable cause to search the vehicle. *See United States v. Smith*, 481 F. App'x 540, 544 (11th Cir. 2012); *United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991); *United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982).

## CONCLUSION

Based on the foregoing, Defendant's Motion to Suppress (Doc. 21) is **DENIED.**

**SO ORDERED**, this  18th  day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**